IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROY O DANIELS,

        Plaintiff,

v.                                        CASE NO. 5:14-cv-277-MW-GRJ

JOHN DOES,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

On October 23, 2014, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a complaint pursuant to 42 U.S.C. § 1983, alleging various constitutional violations. (ECF No. 1.)  The Court screened the Complaint, as it is required to do under the Prison Litigation Reform Act ("PLRA") and ordered Plaintiff to amend his Complaint because he had failed to list any identifiable defendants in the action—only stating that "correctional officers" had violated his constitutional rights— and because he failed to file his Complaint on the court-approved form for a section 1983 action.  (ECF No. 3.) The Court sent Plaintiff a blank prisoner civil rights complaint form with instructions.

Ten months later, Plaintiff filed his First Amended Complaint.  (ECF No. 35.) The First Complaint suffered from numerous deficiencies. While Plaintiff this time named identifiable Defendants, his allegations included a litany of unrelated claims against different defendants among multiple prisons.  More notably, Plaintiff improperly added two other inmates as plaintiffs to the action, Arnold L. Evans and Douglas Lowe. The Complaint also totaled 148 pages in length, significantly longer than the twenty-five

page limit prescribed by N.D. Fla. Loc. R. 5.1(J).  The Court again directed Plaintiff to amend his Complaint by clearly identifying his primary claim that he would pursue in this case. (ECF No. 36.) The Court also advised Plaintiff that under the PLRA he could only bring suit in his name and could not include additional prisoners as named plaintiffs.  *Id.*

Plaintiff filed the instant Second Amended Complaint on September 23, 2015. (ECF No. 39.)  The Second Amended Complaint suffers from many of the same defects as his original Complaint and First Amended Complaint, including Plaintiff's failure to utilize the court-approved § 1983 form and the inclusion of other prisoners as named plaintiffs.

First, despite the Court having expressly directed Plaintiff to utilize the court approved form for prisoner § 1983 actions, Plaintiff failed to do so.

Second, despite the Court's direction in its previous order advising Plaintiff that an action containing multiple prisoner plaintiffs is not permitted under the Prisoner Litigation Reform Act, Plaintiff has included two additional prisoner as plaintiffs to this action.  Inclusion of more than one prisoner as a named plaintiff (apparently without the written consent of the other prisoners) violates the PLRA. The PLRA requires that a prisoner bringing a civil action *in forma pauperis* pay the full filing fee.  28 U.S.C. § 1915(b).  The law in the Eleventh Circuit expressly prohibits prisoners seeking to proceed in forma pauperis from joining together as plaintiffs in a single law suit. *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001).  Each prisoner is required to file his own lawsuit and pay the full amount of the filing fee.  This applies whether "such

association of plaintiffs is construed as governed by the joinder provisions of Rule 20 or

the class action provisions of Rule 23, as the effect of either aggregation of plaintiffs

[violates] the filing fee requirement of the Prison Litigation Reform Act as expressed in

*Hubbard*." *Garcia v McNeil*, no. 4:07-cv-474-SPM/WCS, 2010 WL 4818067 *1 (N.D.

Fla. Nov. 22, 2010)(C.J. Mickle).  As the Eleventh Circuit noted in *Hubbard*, requiring

each plaintiff to pay the full filing fee is consistent with Congress' purpose of imposing

costs on prisoners to deter frivolous suits.  *Id*. at 1197-98.  If, as in this case, multiple

plaintiffs seek to file a joint complaint, dismissal without prejudice to refiling the claims

in separate lawsuits is appropriate.  *Id*.

The Court directed Plaintiff to amend his Complaint, advising him that each

prisoner who is party to a suit must pay the full filing fee and if the additional inmates

listed wanted to join the action, they would be required to file a separate complaint.

(ECF No. 36.)  Plaintiff directly ignored the Court's Order by filing his Second Amended

Complaint continuing to name inmates Evans and Lowe as plaintiffs to this action.

(ECF No. 39.)  As the PLRA prohibits multiple inmates from joining an action to avoid

paying separate filing fees, this action is due to be dismissed for this reason alone.

Finally, Plaintiff ignored the additional directive of the Court to identify the claim

that he wished to pursue in this action.  Plaintiff's First Amended Complaint consisted of

multiple unrelated claims against unrelated defendants and was unclear as to which

claim Plaintiff planned to pursue.  In directing Plaintiff to amend, the Court explained

that multiple defendants may be joined in the same action only if, first, "any right to

relief is asserted against them jointly, severally, or in the alternative with respect to or

arising out of the same transaction, occurrence, or series of transactions or occurrences," and second, there was a "question of law or fact common to all defendants" in the action.  Fed. R. Civ. P. 20(a)(2).  The Court clearly ordered Plaintiff to identify the primary claim that he wished to pursue in his Second Amended Complaint.  (ECF No. 36.)

Plaintiff has ignored the Court's clear directive by filing his Second Amended Complaint, again naming four separate defendants, who Plaintiff has sued under unrelated theories and based upon unrelated events.  Under these circumstances, it is clear that allowing this action to go forward against these defendants would create case management problems, would prejudice the defendants, and would be fundamentally unfair.  At the very least, because of the numerous and unrelated occurrences that give rise to these varied claims, it is likely that the defendants will present unique defenses that will require different evidence.  *See Don King Prods., Inc. v. Colon-Rosario*, 561 F. Supp. 2d 189, 192 (D. Puerto Rico 2008) (where claims against multiple defendants arose from distinct transactions and would give rise to unique defenses, the plaintiff's "convenience to bring all claims against these defendants in one action without paying fees for each defendant, is outweighed by the prejudice and delay it would put on the Court's shoulders, as well as each defendant's defense counsel").

In this case, as the Court previously informed Plaintiff, it is unclear which claim Plaintiff seeks to pursue.  Recognizing Plaintiff's *pro se* status, the Court has afforded Plaintiff multiple opportunities to file an Amended Complaint that complies with the requirements of the Federal Rules and § 1983 standards.  Plaintiff was warned that if

he again filed an Amended Complaint that suffered from the same defects as his

original Complaint and First Amended Complaint, the Court would recommend

dismissal of this case.  (ECF No. 36.)

In sum, Plaintiff's Second Amended Complaint defies the previous Court orders

in multiple ways: Plaintiff failed to utilize the Court's form; continues to name multiple

prisoners as plaintiffs, and alleges multiple unrelated claims against multiple defendants

without identifying the claim that Plaintiff wishes to pursue in this action.  Accordingly,

the Second Amended Complaint is due to be stricken and this case dismissed for

misjoinder, for failure to obey the Court's orders and because Plaintiff has attempted to

bring suit *in forma pauperis* in the name of multiple prisoners in violation of the PLRA.

In light of the foregoing, it is respectfully **RECOMMENDED** that:

Plaintiff's Second Amended Complaint, ECF No. 39, should be **STRICKEN and this case DISMISSED without prejudice.**

**IN CHAMBERS** at Gainesville, Florida this 1st  day of October 2015.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**